1 **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8

9

10   Mark Gunn Lloyd,                    )
                                         )
11              Plaintiff,               )      No. CV-07-2638-PHX-PGR (MEA)
        vs.                              )
12                                       )
     Joseph M. Arpaio, et al.,           )           ORDER
13                                       )
                Defendants.              )
14                                       )

15      The plaintiff filed a Motion for Summary Judgment in this action on April 21,

16   2008.  In response to that motion, the defendants filed a Motion to Suspend

17   Response to Plaintiff's Motion for Summary Judgment Until Discovery [is]

18   Completed on April 29, 2008.  The gist of the defendants' motion is that the

19   plaintiff's summary judgment is premature because the defendants have not yet

20   had the opportunity to obtain discovery in this case or to depose the plaintiff or his

21   witnesses.  Having reviewed the defendants' motion, the Court will *sua sponte*

22   deny it without prejudice.

23      First, the Court initially notes that the plaintiff's motion is not "premature" as

24   Fed.R.Civ.P. 56(a) provides that a summary judgment motion may be filed at any

25   time after 20 days after the commencement of the action, and this action was

26   commenced on December 31, 2007.

1    Secondly, and more importantly, the defendants are seeking an extension

2    of time to conduct discovery prior to responding to the merits of a summary

3    judgment motion without citing to, or making any effort to comply with, the rule

4    specifically governing such an extension - Fed.R.Civ.P. 56(f).[1]  While Rule 56(f)

5    gives the Court the discretion to grant a continuance for the purpose of

6    conducting discovery if the party requesting it "cannot present facts essential to

7    justify its opposition" to the summary judgment motion, the party seeking the

8    continuance is required to file an affidavit showing what particular facts that party

9    hopes to discover that raise a genuine issue of material fact.  Mackey v. Pioneer

10   National Bank, 867 F.2d 520, 523-24 (1989); Barona Group of the Capitan

11   Grande Band of Mission Indians v. American Management & Amusement, Inc.,

12   840 F.2d 1394, 1400 (9th Cir.1987).

13   While the defendants' failure to comply with the requirements of Rule 56(f)

14   is a proper ground for denying discovery and proceeding to summary judgment,

15   Brae Transportation, Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir.

16   1986), in light of the current procedural posture of this case the Court will give the

17   defendants an opportunity to file a motion that complies with Rule 56(f).

18   The Court will also deny the defendants' request, made in their Response

19   to Plaintiff's Motion to Strike Defendants' Motion to Dismiss that was filed on April

20   29, 2008, that the plaintiff's motion to strike be denied.  The defendants' response

21   was totally unnecessary, and their requested relief is moot, given that Magistrate

22

---

23   [1]
     As support for their motion, the defendants state in part that "[n]o
24   scheduling order has been issued in this case setting the time frame for
     discovery."  The basis for that statement is inexplicable given that Magistrate
25   Judge Aspey entered a Scheduling Order (doc. #21) on March 25, 2008 that set a
     discovery deadline of September 19, 2008.
26

- 2 -

1 Judge Aspey entered an order (doc. #25) on April 18, 2008, that construed the

2 plaintiff's motion to strike as the plaintiff's response to the defendants' motion

3 seeking the dismissal of "Nurse Jackie".[2]   Therefore,

4       IT IS ORDERED that Defendants' Motion to Suspend Response to

5 Plaintiff's Motion for Summary Judgment Until Discovery [is] Completed (doc.

6 #28) is denied without prejudice to being refiled no later than **May 19, 2008**

7 in accordance with the requirements of Fed.R.Civ.P. 56(f).[3]

8       IT IS FURTHER ORDERED that the plaintiff shall file his response to any

9 refiled Rule 56(f) motion no later than 30 days after the service date of that

10 motion.

11       IT IS FURTHER ORDERED that the defendants shall file their reply, if any,

12 in support of their Motion to Dismiss (doc. #19) no later than **May 9, 2008**.

13       DATED this 30th day of April, 2008.

Paul G. Rosenblatt
United States District Judge

---

[2]

      Since the orders filed in this action that the defendants' counsel apparently were not familiar with were actually e-mailed by the Court to both of the defendants' counsel, the Court suggests that the defendants' counsel review their procedures for checking the status of a case prior to filing anything in it.

[3]

      If the defendants do not to file a Rule 56(f) motion, then the defendants' response and the plaintiff's reply to the summary judgment motion shall be filed in accordance with this Court's Local Rules, or as Magistrate Judge Aspey otherwise orders.