**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| MARK GUNN LLOYD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CIV 07-02638 PHX PGR MEA |
| | ) |
| JOSEPH M. ARPAIO, DETENTION | )  REPORT AND RECOMMENDATION |
| OFFICER BARRON, DETENTION | ) |
| OFFICER OLAGUE, NURSE JACKIE, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**TO THE HONORABLE PAUL G. ROSENBLATT:**

This matter is before the Magistrate Judge on referral from the District Judge, and the determination of the Magistrate Judge is dispositive of some of Plaintiff's claims. Accordingly, the following proposed findings of fact, report, and recommendation, are made pursuant to Rule 72(b), Federal Rules of Civil Procedure, and 28 U.S.C. § 636(b)(1)(B) and (C).

Before the Court are Plaintiff's motion for leave to file a first amended complaint [Docket No. 56], styled as a motion for leave to conform his complaint to the evidence and accompanied by a lodged proposed amended complaint [Docket No. 57]. Defendants responded to the motion for leave to file an amended complaint with a "motion to dismiss" the first amended complaint because it was not timely filed. See Docket No. 64. Defendants also filed a response to the motion for leave to

amend, contending Plaintiff should not be allowed to now conform his factual allegations to conform to the evidence produced during discovery.

Plaintiff's initial complaint, filed December 31, 2007, named as defendants Maricopa County Sheriff Arpaio, Detention Officer Barron, Detention Officer Olague, and "Nurse Jackie." Plaintiff alleges that his constitutional rights were violated when, as a pre-trial detainee, pepper spray was used on him while he was in a recreational area of the Maricopa County Towers jail. Plaintiff alleged his safety was threatened because the defendant officers improperly used pepper spray, that he was harmed by the use of the pepper spray, and that he received inadequate medical attention after this incident.

On January 10, 2008, Plaintiff was given leave to proceed *in forma pauperis* and Defendants were ordered to answer Count I of Plaintiff's complaint. See Docket No. 3. Count I of the complaint alleged a cause of action for violation of Plaintiff's right to be free of cruel and unusual punishment, Count II stated a cause of action for violation of Plaintiff's due process right to safety while incarcerated, and Count III alleged a violation of Plaintiff's right to equal protection of the laws. Counts II and III of the complaint were dismissed as duplicative.

Plaintiff timely returned service packets to the Court which were forwarded to the United States Marshal. Defendants Arpaio, Barron, and Olague waived service on or about January 22, 2008. See Docket Nos. 7, 8, 9. On February 26, 2008, service was returned unexecuted with regard to "Nurse Jackie."

See Docket No. 13.

The other defendants filed an answer [Docket No. 18] to the complaint and a motion [Docket No. 19] to dismiss the complaint as against "Nurse Jackie," whom they asserted could not be identified, on March 20, 2008. The motion to dismiss filed March 20, 2008, is still pending before the Court.[1]

On March 25, 2008, the Court issued a scheduling order, requiring all motions to amend the complaint or to add additional parties be filed no later than June 27, 2008. See Docket No. 21.[2] On July 28, 2008, Plaintiff lodged a proposed first amended complaint. See Docket No. 57. Defendants contend the motion to file an amended complaint at Docket No. 56, styled as a motion to "conform" to the evidence, should be denied as untimely and because it is an improper attempt to bolster Plaintiff's credibility with regard to his memory of the events in question. See Docket No. 70.

Rule 15(a), Federal Rules of Civil Procedure, provides that a plaintiff should be given leave to amend his complaint

---

[1] On July 2, 2008, Plaintiff filed a motion [Docket No. 47] seeking an extension of the time allowed to serve Defendant "Nurse Jackie" with the summons and complaint in this matter. On August 12, 2008, Plaintiff filed a pleading identifying "Nurse Jackie" as Jackie Preston, a nurse he asserts was or is employed by the Sacred Heart Medical Clinic, whose identity he has ascertained through discovery. See Docket No. 65. On August 18, 2008, Plaintiff filed a motion asking the Court to issue another service packet with regard to "Nurse Jackie". The undersigned filed an order allowing Plaintiff extra time to serve Jackie Preston and granting Plaintiff's motion asking the Court to provide another service packet to Plaintiff for Defendant Preston and granting Plaintiff's motion to order service on Defendant Preston.

[2] Plaintiff also filed a motion for summary judgment on April 21, 2008, and the Court ordered Defendants were not required to respond to the motion for summary judgment until September 29, 2008. See Docket Nos. 26 & 46.

-3-

when justice so requires. When deciding a motion to amend, the Court's should consider the prejudice to the opposing party and the futility of allowing the amendment. See Schlachter-Jones v. General Tele., 936 F.2d 435, 444 (9th Cir. 1991). Leave to amend a complaint should be granted if it appears at all possible that the plaintiff can correct a defect in his complaint. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). "Thus Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality. This policy is applied even more liberally to *pro se* litigants." Eldridge v. Block, 832 F.2d 1132, 1135 (9th Cir. 1987) (internal citations and quotations omitted).

> The handwritten pro se document is to be liberally construed.... [A] pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"

Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596 (1972)).

However, in exercising its discretion with regard to a motion to amend a complaint filed after a responsive pleading, the Court should consider the prejudice to the opposing party and the futility of allowing the amendment. See Schlachter-Jones v. General Tele., 936 F.2d 435, 443-44 (9th Cir. 1991). "[T]he policy of allowing the amendments of pleadings must be tempered with considerations of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to

cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Id. at 443 (internal quotations omitted).

The gravamen of Plaintiff's proposed amendments to his complaint is that Plaintiff switched the identities of Defendant Barron and Defendant Olague with regard to which Defendant actually fired the pepper spray and which Defendant was responsible for improperly adjusting the pepper spray cannister that was used on Plaintiff. The undersigned concludes Plaintiff should be allowed to amend his original complaint to correct facts which were revealed during discovery, particularly because Plaintiff does not seek to add facts but to correct factual statements regarding the identity of defendants. However, the proposed amended complaint does not state any basis for liability or any factual claims regarding Defendant Arpaio or Defendant Preston.

Plaintiff's amended complaint may not incorporate any part of his original complaint by reference and supercedes his original complaint. Therefore, the granting of Plaintiff's motion for leave to file an amended complaint would preclude Plaintiff from proceeding with his claims against Defendant Arpaio and Defendant Preston, absent further pleading to again amend the complaint.[3]  See Tellier v. Fields, 280 F.3d 69, 76

---

[3] A defendant is not liable to a plaintiff for violation of the plaintiff's constitutional rights unless the defendant was personally involved in the alleged constitutional violation. See Rizzo v. Goode, 423 U.S. 362, 371-72 (1976); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). The plaintiff must also establish that a defendant's conduct, allegedly violating the plaintiff's rights, was within their

(2d Cir. 2000); <u>Campbell v. Towse</u>, 99 F.3d 820, 825 (7th Cir. 1996); <u>Lewis v. Sheahan</u>, 35 F. Supp. 2d 633, 636 (N.D. Ill. 1999); <u>Slater v. Marshall</u>, 906 F. Supp. 256, 261 (E.D. Pa. 1995).

Accordingly,

**IT IS RECOMMENDED that** Plaintiff's motion for leave to amend his complaint be denied without prejudice. Plaintiff should be allowed to amend his original complaint or to file an amended complaint which corrects the original complaint as to which Defendant acted improperly in calibrating the pepper spray device used on Plaintiff and which Defendant actually fired the pepper spray device. However, because granting Plaintiff's motion and allowing the proposed amended complaint to supercede the original complaint would result in further pleading, i.e., the filing of a further amended complaint to allege causes of action against Defendant Preston and Defendant Arpaio, the undersigned recommends that Plaintiff be required to file a proposed amended complaint containing all of his factual allegations and legal causes of action with regard to each defendant within a limited period of time.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

---

discretion and authority to control. <u>See</u> <u>Taylor</u>, 880 F.2d at 1045; <u>Pinto v. Nettleship</u>, 737 F.2d 130, 133 (1st Cir. 1984); <u>Williams v. Bennett</u>, 689 F.2d 1370, 1388 (11th Cir. 1982).

-6-

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir.) (en banc), cert. denied, 540 U.S. 900 (2003). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 4th day of September, 2008.

_____
Mark E. Aspey
United States Magistrate Judge