**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Gunn Lloyd, | No. CV 07-2638-PHX-RCB (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, et al., | |
| Defendants. | |

Before the Court is Defendants' second Motion for Summary Judgment (Doc. 169), to which Plaintiff did not respond.

The Court will dismiss this action for failure to prosecute and deny Defendants' motion as moot.

**I.    Background**

In December 2007, Plaintiff Mark Gunn Lloyd filed a pro se civil rights action under 42 U.S.C. § 1983 against Detention Officers Barron and Olague and Nurse Jackie Preston (Doc. 1).[1] Plaintiff's claim arose on November 23, 2007, during his confinement as a pretrial detainee at the Maricopa County Towers Jail in Phoenix, Arizona (id.). Plaintiff alleged that he and his cell mate were in a caged outdoor recreation area when Barron, Olague, and Preston, without any justification or provocation, repeatedly shot towards Plaintiff with a

---

[1] The Court dismissed the fourth Defendant, Sheriff Joe Arpaio, on Arpaio's summary judgment motion (Doc. 115).

high-powered pepper ball gun (id. at 3-3I). Plaintiff claimed that he was hit by pieces of the pepper ball pellets, that the pepper ball powder caused him eye and throat irritation, and that Defendants' conduct caused him to live in fear and anxiety (id. at 3).

On April 21, 2008, Plaintiff filed a Motion for Summary Judgment (Doc. 26). Defendants moved to extend the time to respond to the motion (Doc. 32). The Court granted Defendants' request and directed that their response be filed by September 29, 2008 (Doc. 46).

Defendants did not file a response to Plaintiff's summary judgment motion. On February 9, 2009, the Court issued its Order granting Plaintiff's motion as to his excessive-force claim against Defendants (Doc. 111). The Court found that Plaintiff met his burden on summary judgment to demonstrate that Defendants' conduct was objectively unreasonable under the Fourth Amendment (id. at 7-8). See Graham v. Connor, 490 U.S. 386 (1989). In the alternative, the Court construed Defendants' failure to respond as consent to the granting of the motion under Local Rule of Civil Procedure 7.2(I). Judgment was entered in favor of Plaintiff on the excessive-force claim, and the issue of damages remained (id. at 10).

Defendants filed a Motion for Reconsideration (Doc. 112) and a Motion for Summary Judgment (Doc. 114). The Court denied both motions (Doc. 131).

Thereafter, Plaintiff retained counsel (see Doc. 157), and, on August 2, 2010, Defendants filed a Motion for Leave to File Second Motion for Summary Judgment (Doc. 166). That same day, the Court held a status hearing (Doc. 167). At this hearing, the Court granted Defendants leave to file another summary judgment motion (id.). Also, Plaintiff's counsel indicated that Plaintiff had been released from custody the previous month and she had not had contact with him (id.[2]). The Court directed Plaintiff's counsel to make attempts in the next 30 days to locate her client, and, if she could not locate him, the case would be subject to dismissal for failure to prosecute (id.). If counsel located Plaintiff, the Court directed that Defendants must then file their second summary judgment motion by September

---

[2]The Court reviewed the Electronic Court Reporting audio of the August 2, 2010 hearing (see Doc. 167).

- 2 -

1  13, 2010 (id.).

2  The docket does not reflect whether Plaintiff was contacted during the 30 days
3  following the hearing. But on September 13, 2010, Defendants filed their second Motion for
4  Summary Judgment (Doc. 169). Shortly thereafter, Plaintiff's counsel moved to withdraw
5  (Doc. 173). The Court granted the motion to withdraw and extended the deadline for
6  Plaintiff, now acting pro se, to respond to the summary judgment motion (Doc. 175). The
7  response was due by January 11, 2011 (id.).

8  Meanwhile, the Court held another status hearing on November 15, 2010 (Doc. 177).
9  There was no appearance for Plaintiff at the hearing (id.). The Court directed defense
10 counsel to re-contact Plaintiff's former counsel and ascertain whether she notified him of the
11 hearing and his obligation to respond to the summary judgment motion (id.). If such
12 notification had not been made, defense counsel was ordered to obtain defendant's address
13 or some other contact information from former counsel and file a notice with the Court
14 documenting these efforts (id.).

15 On December 7, 2010, defense counsel filed a Notice stating that she had written two
16 emails to Plaintiff's former counsel, telephoned former counsel and spoke to an assistant, and
17 followed up with another email; there was no response to these inquiries (Docs. 179-180).
18 Defense counsel indicated that her secretary also made two telephone calls to the Arizona
19 Department of Community Corrections, Inmate Records, but was unable to obtain any
20 information on Plaintiff (id.).

21 On December 14, 2010, the Court received an email from Dana Gavin, paralegal for
22 Plaintiff's former counsel. The email included the copy of a letter that Gavin mailed that day
23 to Plaintiff to an address in Gilbert, Arizona. The letter advised Plaintiff that the Court had
24 granted his counsel's motion to withdraw and he was therefore obligated to respond to
25 Defendants' pending motion by January 11, 2011. Gavin sent a follow up email to the Court
26 indicating that there was no response to the letter from Plaintiff and the letter was not
27 returned in the mail.

28 To date, Plaintiff has not filed a response to Defendants' summary judgment motion,

- 3 -

1  and the deadline for doing so has expired.

2  **II.     Failure to Prosecute**

3  It is well established that under Federal Rule of Civil Procedure 41(b), a district court
4  has authority to dismiss a plaintiff's action because of his failure to prosecute or to comply
5  with court orders.  See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626,
6  629-30 (1962) (a district court has the inherent power to dismiss a case sua sponte for failure
7  to prosecute); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (a district court may
8  dismiss an action for failure to comply with any order of the court); see also Ghazali v.
9  Moran, 46 F.3d 52, 53 (9th Cir. 1995) (a district court may dismiss an action for failure to
10 comply with a local rule).

11 Before dismissal for failure to prosecute or failure to comply with court orders, the
12 Court must consider the following factors: "(1) the public's interest in expeditious resolution
13 of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the
14 defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
15 availability of less drastic sanctions."  In re Phenylpropanolamine (PPA) Prod. Liability
16 Litig., 460 F.3d 1217, 1226-1228, 1234-1252 (9th Cir. 2006) (discussing and applying the
17 five factors); Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002) (same).  If the court
18 does not consider these factors, the record may be reviewed independently on appeal for
19 abuse of discretion.  Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986).

20 Here, the first two factors favor dismissal.  "[T]he public's interest in expeditious
21 resolution of litigation always favors dismissal," Yourish v. Cal. Amplifier, 191 F.3d 983,
22 990 (9th Cir. 1999), and the second factor favors dismissal in most cases.  Wanderer v.
23 Johnston, 910 F.2d 652, 656 (9th Cir. 1990).  This case was initiated in 2007, and the Court's
24 Order granting summary judgment to Plaintiff on liability was entered on February 9, 2009
25 (Doc. 111).  Thus, the sole remaining issue of damages has been pending for two years.
26 Plaintiff has failed to keep the Court apprised of his address despite Court Orders specifically
27 informing him of his obligation to file a Notice of Change of Address upon any address
28 changes (Docs. 2-3).  See LRCiv 83.3(d) (requiring unrepresented party to file a notice of

- 4 -

1 address change). The Court's Service Order also informed Plaintiff that his action could be
2 dismissed for failure to comply with any order of the Court (Doc. 3 at 3). Plaintiff has
3 ostensibly lost interest in prosecuting this action, and his conduct hinders the Court's ability
4 to move this case toward disposition. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065
5 (9th Cir. 2004) (noting that "resources continue to be consumed by a case sitting idly on the
6 court's docket").

7 The third factor also favors dismissal. There is no risk of prejudice to Defendants in
8 dismissing this action. Indeed, prejudice to Defendants is presumed from unreasonable
9 delay. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (internal citation omitted).

10 Public policy favors disposition of cases on their merits, so the fourth factor weighs
11 against dismissal. Pagtalunan, 291 F.3d at 643.

12 The final factor requires the Court to consider the availability of less drastic sanctions.
13 Plaintiff was given multiple warnings of his obligations to comply with the Court's orders
14 and to notify the Court of address changes. A "[w]arning that failure to obey a court order
15 will result in dismissal can itself meet the 'consideration of alternatives' requirement." In
16 re PPA, 460 F.3d at 1229. Nonetheless, without Plaintiff's current address, certain
17 alternatives are bound to be futile; "[a]n order to show cause why dismissal is not warranted
18 . . . would only find itself taking a round trip tour through the United States mail." Carey v.
19 King, 856 F.2d 1439, 1441 (9th Cir. 1988).

20 In sum, the five-factor analysis supports dismissal in this case. Plaintiff's claim for
21 damages will be dismissed for failure to prosecute, and the pending Motion for Summary
22 Judgment will be denied as moot.

23 **IT IS ORDERED:**

24 (1) The reference to the Magistrate Judge is withdrawn as to Defendants' second
25 Motion for Summary Judgment (Doc. 169).

26 (2) Plaintiff's remaining damages claim is dismissed with prejudice pursuant to
27 Federal Rule of Civil Procedure 41(b).

28 (3) Defendants' second Motion for Summary Judgment (Doc. 169) is **denied** as moot.

(4) The Clerk of Court must terminate this action.

DATED this 9th day of February, 2011.

_____
Robert C. Broomfield
Senior United States District Judge